# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:01CV-00006-JHM**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

vs.

**GEORGE RUDY CUNDIFF and**
**CHRISTOPHER SETH CUNDIFF**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by the Defendant, George Rudy Cundiff, to excuse payment of the February 15, 2011, installment of the civil penalty imposed in this case [DN 213]. The United States in its response opposes the motion [DN 214]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

This case arises out of violations of Section 301(a) of the Clean Water Act, 33 U.S.C. §1311(a), by Defendants George Rudy Cundiff (hereinafter "Mr. Cundiff") and his son, Christopher Seth Cundiff. On January 10, 2005, this Court entered a permanent injunction enjoining Defendants from discharging dredged or fill material or any other pollutants into the waters of the United States. The Court ordered the Defendants to implement and fund the restoration plan tendered by the United States. The Court accessed a civil penalty in the amount of $225,000.00 against Mr. Cundiff pursuant to 33 U.S.C. § 1319(d), but suspended $200,000.00 of the civil penalty provided that Mr. Cundiff adequately implemented the restoration plan.

Faced with Mr. Cundiff's failure to comply with the original restoration plan, this Court issued an order on May 16, 2007, requiring Mr. Cundiff to implement an amended restoration plan. The Court denied the United States' request for reinstatement of the suspended portion of the civil

penalty at that time finding that the non-compliance did not appear defiant but rather resulted from his lack of understanding of "the actions necessary to complete the restoration plan." On appeal, the Sixth Circuit Court of Appeals upheld the civil penalty and the Court's May 2007 amended restoration plan. See United States v. Cundiff, 555 F.3d 200, 204 (6th Cir. 2009).

After finding new violations of the Court's January 2005 permanent injunction [DN 111] and May 2007 amended restoration plan [DN 183] by Mr. Cundiff, the Court reinstated $25,000 of the $200,000 suspended civil penalty against George Rudy Cundiff finding that the unauthorized activity could not be characterized as inadvertent or unintentional. The Court signed a second amended restoration order dated December 8, 2009 [DN 207]. The order requires Mr. Cundiff to pay four installments of the reinstated $25,000 civil penalty on February 15 of each year from 2010 through 2013.

## II. DISCUSSION

Mr. Cundiff now requests to be excused from his obligation to make the second installment payment of the civil penalty essentially reducing the civil penalty from $25,000 to $18,750. In support of his motion, Mr. Cundiff argues that he has expended "great sums of money, time and energy" to comply with the Court's order, including filling the ditches and raising the ditch elevation. He represents that the poor state of the economy has reduced his ability to sell trucks and his income. Mr. Cundiff represents that he owes taxes to the Internal Revenue Service which he is unable to pay. Additionally, Mr. Cundiff once again criticizes the restoration plan because its implementation has created standing water on his property and "might well cause the death of the thousands of trees which the Defendants have successfully planted and maintained." (Defendant's Motion at ¶ 6). Finally, Mr. Cundiff suggests that considering all the circumstances, "it would be

2

fair for the Defendants to receive back the fines they have paid." (Id. at p. 3.)

Mr. Cundiff failed to offer any legal authority to support suspending any part of the civil penalty imposed in the December 28, 2009, Memorandum Opinion and Order. Federal Rule of Civil Procedure 60(b)(5) and (6) permits a court to modify a judgment or order when "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5),(6). While Mr. Cundiff makes generalized allegations about his financial condition and about the additional restoration costs incurred, he has not offered any documentary evidence including affidavits or financial records demonstrating that he can no longer fund the restoration plan and pay a monetary penalty. Furthermore, the additional work required from Mr. Cundiff under the second amended restoration plan is a result of Mr. Cundiff's own intentional, unauthorized activities. For these reasons, the Court denies Mr. Cundiff's motion to be excused from payment of the $6,250 installment of the civil penalty assessed in the second amended restoration plan.

### III. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by the Defendant, George Rudy Cundiff, to excuse payment of the $6,250.00 civil penalty for 2011 [DN 213] is **DENIED**.

cc: counsel of record